O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROY ANTHONY BROWN | § | |
|    ID #31532179 | § | |
| V. | § | C.A. NO. C-04-329 |
| | § | (Consolidated with C.A. NO. C-04-375) |
| BROOKS COUNTY DET. CTR., ET AL. | § | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Defendant Dr. Jose Lozano moves to dismiss plaintiff's claims for lack of subject matter jurisdiction, arguing that plaintiff's claims fail to state a constitutional issue, but raise only state law claims for medical malpractice (D.E. 56). For the reasons stated herein, defendant's motion to dismiss is denied.[1]

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Plaintiff consented to the jurisdiction of the magistrate judge, and by Order of Reference entered September 20, 2004, the case was reassigned to the undersigned to conduct all further proceedings, including entry of final judgment (D.E. 72).

### II. PROCEDURAL BACKGROUND

On June 16, 2004, plaintiff filed two (2) civil rights actions alleging that he was being denied proper medical attention while incarcerated at the Brooks County Detention Center in Falfurrias, Texas.[2] By order entered August 11, 2004, the two actions were consolidated under this cause number (D.E. 11).

---

[1] Also pending are motions to dismiss filed by both defendant Lozano and Bueno because of a failure by plaintiff to file an expert report (D.E. 66, 74). Those motions will be addressed in a separate order.

[2] Plaintiff is currently incarcerated at the Federal Detention Center in Houston, Texas. DE #61.

In his original complaint, plaintiff sued the Brooks County Detention Center, Nurse Barbara Bueno, Warden M. Niederhause, and Dr. Jose Lozano. A <u>Spears</u> hearing was held on September 14, 2004, and thereafter, plaintiffs claims against Brooks County Detention Center and Warden M. Niederhause were dismissed with prejudice (D.E. 27). Plaintiff's claims against Nurse Bueno and Dr. Lozano were retained, and plaintiff's complaint was amended to add a claim against Nurse Jane Doe at the Nueces County Jail (<u>Id</u>.).

On January 21, 2005, the Court dismissed plaintiff's claims against Nurse Jane Doe (D.E. 39). Service was ordered on defendants Lozano and Bueno (D.E. 41, 42). On February 10, 2005, Nurse Bueno filed her answer (D.E. 48). On February 22, 2005, Dr. Lozano filed his answer (D.E. 55). On March 7, 2005, Dr. Lozano filed the instant motion to dismiss (D.E. 56).

### III. **DEFENDANT'S MOTION TO DISMISS**

Defendant Lozano moves for dismissal of plaintiff's claims arguing that, because plaintiff's § 1983 claims against the "government entities" have been dismissed, only plaintiff's medical negligence claims remain (D.E. 56 at ¶ 1). Dr. Lozano acknowledges that the Court has supplemental jurisdiction over plaintiff's state law claims, but moves that the Court decline to exercise its supplemental jurisdiction because plaintiff's constitutional claims have been dismissed (<u>Id</u>. at ¶ 5).

### IV. **DISCUSSION**

Defendant Lozano characterizes plaintiff's medical claims as negligence. However, in the order to retain claims, it was specifically noted that plaintiff's allegations, taken as true for purposes of § 1915A screening, stated valid claims of deliberate indifference to serious medical needs against Dr. Lozano and Nurse Bueno (D.E. 27 at p. 7). In particular, plaintiff claimed that he presented to both defendants with severe symptoms, yet they delayed him treatment. Plaintiff contends that the delay contributed to his suffering a minor stroke.

Upon further development of this case, the facts may establish that plaintiff's claims amount to no more than a disagreement with the level of treatment he received or mere negligence on the part of one or both defendants, claims that would not raise a constitutional issue. However, given the available facts at this time, plaintiff's allegations state a claim of deliberate indifference to serious medical needs (D.E. 27). Dr. Lozano's argument that dismissal of the "governmental entities" leaves remaining only plaintiff's negligence claims is incorrect. Section 1983 specifically provides for claims against state actors for constitutional violations. Accordingly, defendant's motion to dismiss (D.E. 56) is DENIED.

ORDERED this 2nd day of June, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE