IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROY ANTHONY BROWN § | |
|     ID #31532179 § | |
| V. § | C.A. NO. C-04-329 |
| § | (Consolidated with C.A. NO. C-04-375) |
| BROOKS COUNTY DET. CTR., ET AL. § | |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Pending are motions to dismiss filed by defendants Dr. Jose Lozano (D.E. 66) and Nurse Barbara Bueno (D.E. 74), to which plaintiff has filed objections (D.E. 70, 75). For the reasons stated herein, defendants' motions to dismiss are denied.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. All parties consented to the jurisdiction of the magistrate judge (D.E. 20, 69, 71), and by Orders of Re-Assignment entered May 13, 2005, the case was reassigned to the undersigned (D.E. 72).

## II. PROCEDURAL BACKGROUND

Plaintiff is a Texas state prisoner presently incarcerated at FDC - 4 West in Houston, Texas, although his claims concern the medical treatment he received while in the custody of the Nueces County Jail and the Brooks County Detention Center in April - July, 2004. Plaintiff filed two *pro se* complaints, which were consolidated by Order entered August 11, 2004 (D.E. 11). Following a September 14, 2004 Spears hearing (D.E. 19), certain claims and defendants were dismissed, and plaintiff's claims against Dr. Jose Lozano, Nurse Barbara Bueno, and Nurse Jane Doe were retained (D.E. 27). Plaintiff claims that defendants were deliberately indifferent to his serious medical needs in their treatment of his high blood pressure. He also alleges state law claims of medical malpractice.

### III. MOTION TO DISMISS

Defendants Dr. Lozano and Nurse Bueno move to dismiss plaintiff's state law claims against them based on plaintiff's failure to provide an expert report compliant with the statutory requirements of section 74.351 of the Texas Civil Practice and Remedies Code ("§ 74.351"). See D.E. 66, 74. Section 74.351(a) requires a claimant to serve on the defendant within 120 days after the lawsuit is filed one or more expert reports with a curriculum vitae of each expert listed in the report. Section 74.351(d) authorizes the dismissal of the medical malpractice claim if the claimant fails to comply. Plaintiff admits that he did not apply with the expert report requirement.

### IV. STANDARD OF REVIEW

A motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). A plaintiff fails to state a claim under Rule 12(b)(6) when he fails to allege any set of facts in support of his claim which would entitle him to relief. Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). When considering a motion to dismiss, plaintiff's well-pled factual allegations are accepted as true and construed in the light most favorable to the plaintiff. Taylor, 296 F.3d at 378; Oliver, 276 F.3d at 740. "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citing Doe v. Hillsboro Indep. Sch. Dist., 81 F.3d 1395, 1401 (5th Cir. 1996)). A claim should not be dismissed "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." Id. (citing Vander Zee v.

Reno, 73 F.3d 1365, 1368 (5th Cir. 1996)).  In evaluating a motion to dismiss, nothing beyond the pleadings may be considered.  Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).

## V. DISCUSSION

Defendants argue that plaintiff's state law medical malpractice claims should be dismissed based on plaintiff's failure to comply with the deadlines for serving an expert report or the expert's curriculum vitae.

Section 74.351(a) provides in relevant part:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date the claim was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon 2005).

Further, § 74.351(b) provides:

> If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:
>
> A.   awards to the affected physician or healthcare provider reasonable attorney's fees and costs of court incurred by the physician or healthcare provider; and
>
> B.   dismisses the claim with respect to the physician or healthcare provider, with prejudice to the refiling of the claim.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon 2005).

In general, federal courts apply state substantive law when adjudicating state law claims, but apply federal procedural law to the proceedings. Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 426 (1996) (discussing the Erie doctrine, Erie R.R. Co. v. Thompkins, 304 U.S. 64 (1938). However, if a state substantive rule is in conflict with a federal rule, then the federal rule generally applies.   Id.  Relying on an unpublished decision out of the Western District of Texas, El Paso

3

Division, Cruz v. Chang, 2005 WL 356817 (E.D. Tex Jan. 28, 2005), defendants argue that § 74.351 is a rule of substantive law that applies in this case to bar plaintiff's state law claims.

In Cruz, a medical malpractice claim in federal court on the basis of diversity jurisdiction case, Dr. Chang moved to dismiss plaintiff's claims for failure to serve him timely with an expert report or the expert's curriculum vitae. The El Paso district court concluded that § 74.351 was a rule of substantive law that was not displaced by a federal rule, and that it was part of a "comprehensive scheme governing plaintiff's substantive right in state court proceedings" such that the federal court was bound to apply it. Cruz, 2005 WL 356817 at * 7. The Cruz court found that § 74.351 was not simply a discovery rule, but instead, "a vehicle for dismissal of frivolous claims." Id. at *8.

The holding in Cruz is in apposite to the decision in Poindexter v. Bonsukan, 145 F. Supp. 2d 800 (E.D. Tex. 2001). In Poindexter, the district court found that § 74.351 was a procedural rule such that it did not apply in federal proceedings. Poindexter, 145 F. Supp. 2d at 810. It further found that, even if § 74.351 was more of a substantive rule, its mandatory timing, report content and sanction provisions abrogated the discretion provided by Federal Rules 26(a)(2) and 37, and cautioned that applying § 74.351 would "impinge on the broad procedural powers of the federal district courts to control discovery...". Id. at 808. Concluding that § 74.351 was a procedural rule, and if not, a substantive rule in conflict with federal law, the Poindexter court declined to apply it.     Neither Cruz nor Poindexter were prisoner cases, and the medical malpractice claims in those cases were before the federal courts pursuant to diversity jurisdiction, not supplemental to federal question jurisdiction, as in this case. The fact that plaintiff is a prisoner is important because, if § 74.351 is a "vehicle for dismissal of frivolous claims" as stated by the Cruz court, it would be in conflict with the screening provisions of § 1915A, in addition to the discretionary concerns announced in Poindexter. Finding that § 74.351 directly collides with the discretionary power vested in the federal

4

court concerning experts and disclosures, and imposes additional dismissal grounds for frivolous lawsuits not provided for in § 1915A, it follows that plaintiff's failure to comply with § 74.351 does not entitle defendants to dismissal of plaintiff's medical malpractice claims against them.

Further, the dismissal of plaintiff's state law claims would not advance the efficient administration of this case. Jurisdiction is founded on plaintiff's § 1983 claims, and even if the state law claims were dismissed, plaintiff's civil rights claims would remain pending.

For these reasons, defendants' motions to dismiss based on plaintiff's failure to designate an expert pursuant to § 74.351 (D.E. 66, 74) are DENIED.

ORDERED this 23rd day of June, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE