UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROY ANTHONY BROWN, | § |
| | § |
| vs. | §   C.A. NO. C-04-329 |
| | § |
| BROOKS CO. DETENTION CENTER, | § |
| ET AL. | § |

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in a federal prison facility in Chickasha, Oklahoma. Proceeding *pro se* and *in forma pauperis*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges deliberate indifference on the part of health care providers while he was detained at the Brooks County Detention Center and the Nueces County Jail. Pending is plaintiff's motion for appointment of counsel (D.E. 83).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library or other forms of legal assistance. Bounds, 97 S. Ct. 1491, 1498-99 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, 28 U.S.C. § 1915(e)(1) unless the case presents "exceptional circumstances," thus requiring the appointment. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v.

Chancellor, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  Id.  This case is not complex.  Plaintiff alleges he received inadequate medical care while detained.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present the case.  Plaintiff's pleadings demonstrate that he is reasonably intelligent and he appears to be in a position to adequately investigate his case.  Plaintiff can also obtain help from other inmates and officials in the law library to investigate and prepare his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Id.  The case has not yet been set for trial; thus examination of this factor is premature.  If the cases survives the dispositive motions stage and is scheduled for trial, plaintiff may renew his request for appointed counsel.

Finally, there is no indication at this early stage of the proceedings that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court notes that it has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 33) is denied without prejudice at this time.  The Court will sua sponte reconsider its ruling as this case progresses and/or when deemed necessary to move this case toward final disposition.

ORDERED this 15th day of September, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE