UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN DOE, A/K/A ROY ANTHONY BROWN, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-04-329 |
| | § | |
| BROOKS COUNTY DETENTION CENTER, *et al*, | § § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER DENYING MOTION TO AMEND OR SUPPLEMENT PLEADING

Plaintiff moves to supplement his complaint to add the Louisiana Correctional Service (L.C.S.) as a defendant in this case (D.E. 107).  Previously plaintiff was denied leave to add L.C.S. because he failed to detail conduct of L.C.S. which would give rise to constitutional liability.  In his current motion, plaintiff alleges that L.C.S. is the "policy holder" for the other defendants, that L.C.S. is the sole responsible party for the quality of medical services, and the policy holder for the institution where the unconstitutional acts occurred.  Plaintiff appears to be alleging that L.C.S. should be held liable under a theory of supervisory liability or *respondeat superior*.  Thought not alleged by plaintiff, it will be assumed, for purposes of deciding this motion, that L.C.S. is a person or entity subject to liability for a constitutional tort.

It is well settled that a plaintiff cannot obtain damages solely on a theory of *respondeat superior*.  Beattie v. Madison County School Dist., 254 F.3d 595, 600 n.2 (5th Cir. 1983) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)).  "[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."

Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001) (quoting Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987)).  "[Section] 1983 does not give a cause of action based on the conduct of subordinates.  Personal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 104 S. Ct. 248 (1983) (citations omitted).  A supervisor who is not personally involved is liable under the theory of "supervisory liability" only if he has implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Thompkins v. Belt, 828 F.2d at 304.  "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries."  Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992).  Plaintiff failed to set forth any affirmative acts or unconstitutional policies of L.C.S. which caused plaintiff's injuries.

Accordingly, plaintiff's motion to amend or supplement his complaint (D.E. 107) is DENIED.

ORDERED this 27th day of January, 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE