UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN DOE, A/K/A ROY ANTHONY BROWN, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-04-329 |
| | § | |
| BROOKS COUNTY DETENTION CENTER, *et al*, | § § § | |
| Defendant. | § | |

**OPINION AND ORDER STRIKING MOTION FOR EXTENSION OF TIME,
ORDER DENYING WITHOUT PREJUDICE MOTION FOR SANCTIONS,
ORDER DENYING WITHOUT PREJUDICE MOTIONS FOR SEVERANCE,
AND ORDER TO THE CLERK TO SUPPLY PLAINTIFF WITH A CURRENT COPY
OF THE DOCKET SHEET AND COPIES OF INSTRUMENTS 84, 88, 89, 98, AND 99**

Plaintiff has filed a motion for extension of time to comply with the order to compel (D.E. 113). The Federal Rules of Civil Procedure and the Local Rules for the Southern District of Texas require that all parties are to be provided with a copy of all pleadings filed with the court, and further require that all pleadings contain a certificate of service reflecting that copies were provided to all counsel of record. Fed. R. Civ. P. 5; LR 5.4, 5.6. In addition, plaintiff was reminded in orders entered October 21, 2005 (D.E. 88), and December 22, 2005 (D.E. 98), of his responsibility to comply with these rules..

When plaintiff filed his motion for an extension of time, instead of supplying a certificate of service reflecting he had served opposing counsel, he provided a "cover sheet" with instructions (to whom it is not clear) to provide the appropriate copies. Plaintiff's motion is

deficient and as a sanction the motion is struck from the record and will not be considered. Defendant Barbara Bueno, a/k/a Paetz's motion for dismissal as a sanction (D.E. 112) is denied without prejudice at this time, as the sanction of striking the pleading is sufficient.

It is plaintiff's responsibility not only to mail a copy of all his pleadings to opposing counsel, but also to include a certificate of service in his pleadings reflecting that **all** opposing counsel were mailed a copy of his pleading. It is not the responsibility of the Clerk or the Court to mail copies of pleadings to opposing counsel. It is the responsibility of the plaintiff to do so.

In any event, more than a month has passed since plaintiff filed his motion for extension of time. Plaintiff has had ample time to comply with the court's order that he supply answers to interrogatories. No counsel has moved for sanctions for failure to comply with the order to provide answers to interrogatories, and so the court will assume that plaintiff has complied with the order, even if his answers were tardy. If plaintiff failed to comply, defendants shall file appropriate motions within ten days of the date of this order.

Plaintiff's response(s) to the motions for summary judgment shall be filed on or before **Friday, April 14, 2006**. Plaintiff must supply a copy of his response(s) to both attorneys. If plaintiff does not have access to a copy machine, neat, handwritten copies are acceptable. Failure to timely comply may result in dismissal of plaintiff's lawsuit for want of prosecution. Fed. R. Civ. P. 41(b).

In the future , if plaintiff fails to comply with the requirement that his pleadings contain a certificate of service or fails to forward copies of his pleadings to all counsel, plaintiff's lawsuit will be dismissed as a sanction for failure to comply with the rules and with court orders.

Both defendant Lozano and Bueno, a/k/a Paetz have requested severance (D.E. 117-1, 118-2) in their motions for summary judgment without citing to any rules or authority. Both

motions for severance (D.E. 117-1, 118-2) are denied without prejudice.

Finally, plaintiff has complained of his failure to receive court orders. It is apparent from the docket that if plaintiff failed to receive copies of any orders, it is his own fault for not timely advising the court and opposing counsel of his current address. Out of an abundance of caution, the Clerk shall mail to plaintiff a current copy of the docket, and copies of orders which have been returned since September 2005: Instrument Nos. 84, 88, 89, 98, and 99.

ORDERED this 22nd day of March, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

p