UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROY ANTHONY BROWN, A/K/A § | |
|     JOHN DOE § | |
| vs. § | C.A. NO. C-04-329 |
| § | |
| BROOKS CO. DETENTION CENTER, § | |
| ET AL. § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL AND ORDER TO CLERK TO CHANGE PLAINTIFF'S ADDRESS AND MAIL TO PLAINTIFF A COPY OF THE APPELLATE DOCKET SHEET

Plaintiff is an inmate currently incarcerated at the Harris County Jail. Proceeding *pro se* and *in forma pauperis*, plaintiff filed a civil rights complaint. Final judgment granting summary judgment in favor of all defendants on all claims was entered May 25, 2006 (D.E. 135). Plaintiff timely filed his notice of appeal June 8, 2006 (D.E. 141). Though titled a "motion for habeas corpus," plaintiff's motion is in reality a second request for appointment of counsel on appeal (D.E. 153).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library or other forms of legal assistance.  Bounds, 97 S. Ct. 1491, 1498-99 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance."

Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, 28 U.S.C. § 1915(e)(1) unless the case presents "exceptional circumstances," thus requiring the appointment. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not complex. Plaintiff alleges he received inadequate medical care while detained.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present the case. Plaintiff's pleadings demonstrate that he is reasonably intelligent and he appears to be in a position to adequately investigate and present his appeal. Plaintiff can also obtain help from other inmates and officials in the law library to investigate and prepare his appeal.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Id. This case is on appeal, and no trial was held; thus it is unnecessary to examine this factor.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court notes that it has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel on

appeal (D.E. 153) is denied without prejudice at this time. Plaintiff may renew his motion before the Fifth Circuit Court of Appeals.

Plaintiff filed this motion with a letter requesting that it be forwarded to the parties of record.  The Court does not copy and forward pleadings. Plaintiff is aware that he must mail copies of his pleadings to all parties of record.  Plaintiff claims he is without his legal material.  The Clerk shall forward to plaintiff a copy of the Fifth Circuit Appellate docket sheet with the names and addresses of the parties to this appeal.  Failure to mail a copy of all pleadings to all counsel of record is grounds of the striking of plaintiff's pleadings or  the imposition of sanctions.  The Clerk shall also update plaintiff's address on the District Court docket sheet.

ORDERED this 20th day of April, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE